# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v | ) | Case No. 11-10158-EFM |
| DERRICK D. McDONALD, | ) | |
| *Defendant*. | ) | |

## MEMORANDUM AND ORDER

Derrick McDonald brings this motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The Court determines that hearing is not necessary, and for reasons set forth following, the Court denies the motion.

On August 17, 2011, Defendant Derrick McDonald was initially charged by the grand jury, along with one co-defendant, in a one-count indictment of bank robbery. A three-count superseding indictment was returned on October 13, 2011 which, in addition to the initial bank robbery charge, added a second count of bank robbery for another bank, and added a third count of possession of a firearm in connection with a crime of violence.

On March 22, 2012, McDonald entered pleas of guilty to counts one and two of the superseding indictment. Pursuant to that plea, McDonald entered into a plea agreement in which he knowingly and voluntarily waived any right to appeal or collaterally attack any matter in connection with his prosecution, conviction or sentence, including a motion brought under Title 28, U.S.C. § 2255, except as limited by the decision in *United States v. Cockerham*[1] (so long as

---
[1] 237 F.3d 1179, 1187 (10th Cir. 2001).

the sentence imposed was within the guideline range determined appropriate by the court). This waiver was specifically discussed with McDonald during his change of plea hearing. The waiver complies with *United States v. Hahn*[2] and is thus fully enforceable.

A presentence investigation report was prepared on McDonald, which determined that he was a career offender pursuant to United States Sentencing Guidelines § 4B1.1(b). As a result, McDonald's offense conduct was adjusted from level 25 to level 31 (following reductions for acceptance of responsibility). Defendant's criminal history category was determined to be a category VI without regard to his career offender status, so an adjustment to that category which would have otherwise occurred did not affect his guideline sentence. Based on an offense level 31, criminal history category VI, McDonald's sentencing guideline range was 188 to 235 months. Through counsel, McDonald filed an objection to this characterization, and filed a sentencing memorandum arguing against it.[3] On July 2, 2012, McDonald was sentenced to a mid-guideline sentence of 204 months.

McDonald timely docketed an appeal to the Tenth Circuit challenging his career offender characterization. He argued for relief from the appeal waiver under the third *Hahn* factor, alleging that ineffective assistance of counsel in negotiating the appeal waiver might have resulted in a miscarriage of justice. The Tenth Circuit noted that such arguments must be raised in a collateral proceeding under 28 U.S.C. § 2255, and after concluding that the *Hahn* requirements for enforcing the plea waiver had been satisfied, on September 25, 2012 it granted the Government's motion to enforce the plea agreement and dismissed the appeal.

---

[2] 359 F.3d 1315 (10th Cir. 2004).

[3] Counsel noted no objections to the presentence report, and merely reserved his right to file a sentencing memorandum requesting a variance, but the arguments for variance in his sentencing memorandum (Doc. 58) objected to the career offender determination, and also argued that his criminal history was over-represented.

On May 31, 2013, McDonald filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. 74). The motion was filed *pro se*. The Court did not request the Government to file a response to the motion, and none has been filed. Defendant's filing comprises 125 pages, much of which are copies of documents filed in his case, and transcripts of his plea hearing and sentencing. However, in the sections of his filing which he has labeled "Sworn Affidavit"[4] and "Addendum to Motion to Vacate, Set Aside or Correct a Sentence," he sets forth the grounds upon which he seeks relief.

His first allegation is that he was denied effective counsel during the plea negotiations. In support of this ground for relief, he alleges that his counsel never investigated his possible exposure to a career offender characterization prior to advising defendant to plead, his counsel never discussed with him that he was subject to enhancement under the career offender provisions of the Sentencing Guidelines, and that his counsel's attempt to object to this enhancement during sentencing was futile due to his failure to investigate. He further alleges that the government did not clearly establish that the prior convictions upon which the career offender enhancement was predicated were qualifying offenses. McDonald's argument in support of his first grounds accurately sets forth the two prong test established by *Strickland v. Washington.*[5] He argues that his attorney's failure to investigate what sentence McDonald's plea would expose him to fell below the objective standard of reasonableness, noting that his attorney admitted that he was unaware McDonald would be characterized as a career offender until receipt of the Presentence Investigation Report. With respect to the second *Strickland* standard, he argues that he would not have pleaded guilty had he known this, and therefore there was a

---

[4] Though structured in the form of an affidavit, it is not actually signed or notarized.

[5] 466 U.S. 668 (1984).

reasonable probability that the result would have been different but for his counsel's ineffective assistance.

His second allegation is that the plea and waiver of appeal rights were the fruit of ineffective representation. He claims that the plea and waiver were the result of fraud and misrepresentation, because the plea agreement did not contain a stipulation that the government was seeking to enhance the sentence pursuant to the career offender section of the guidelines. Absent that information, he claims that his signature to the plea agreement was obtained fraudulently and as a result of his attorney's ineffective negotiation, and that therefore the plea waiver should not be enforced. He also argues that the plea process denies due process of law. Waiting until after his plea and waiver to prepare the presentence report and recommended sentence is "fundamentally unfair," he argues, and allows the government to "ambush the defendant."[6]

His third allegation is that he was improperly sentenced under the career offender guideline. He claims that the government failed its burden of clearly establishing the qualifying predicate offenses.

McDonald seeks relief in the nature of being re-sentenced "as he understood his plea agreement without the career offender enhancement."[7]

## Legal Standards

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[6] Doc. 74, p. 106.

[7] Doc. 74, p. 108.

move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, if, after the judge examines the motion, it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[8] Petitioner must allege facts which, if proven, would warrant relief from his conviction or sentence.[9] An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[10]

Finally, Petitioner appears *pro se*. Therefore, his pleadings are to be construed liberally and not held to the standard applied to an attorney's pleadings.[11] If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[12] It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[13] For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[14]

---

[8] 28 U.S.C. § 2255(b).

[9] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995).

[10] *Hatch*, 58 F.3d at 1471 (stating that "the allegations must be specific and particularized, not general or conclusory"); *United States v Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[11] *Hall v Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Id.*

## Ineffective Assistance of Counsel

The Court finds that the record conclusively demonstrates that McDonald is not entitled to relief on his ineffective assistance of counsel claim, obviating the need for a response by the government or a hearing. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."[15] As McDonald correctly noted in his application, a successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v Washington*.[16] First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness."[17] To meet this first prong, a defendant must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[18] This standard is "highly demanding."[19] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[20] In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[21] Moreover, the reasonableness of the challenged conduct must be evaluated from

---

[14] *See Whitney v State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[15] U.S. Const. amend. VI; *Kansas v Ventris*, 556 U.S. 586, 129 S.Ct. 1841, 1844 (2009).

[16] *Id.*.

[17] *Id.* at 688.

[18] *Id.* at 690.

[19] *Kimmelman v Morrison*, 477 U.S. 365, 382 (1986).

[20] *Fox v Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

[21] *Strickland*, 466 U.S. at 689.

counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.' "[22]

Second, a defendant must show that his counsel's deficient performance actually prejudiced his defense.[23] To prevail on this prong, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."[24] A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[25] This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[26] When ineffective assistance of counsel is alleged to have occurred at the plea stage, the defendant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."[27]

A defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[28] "The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on

---

[22] *Edens v Hanningan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland,* 466 U.S. at 689).

[23] *Strickland*, 466 U.S. at 687.

[24] *Id*. at 694.

[25] *Id*.

[26] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[27] *Hill v Lockhart*, 474 U.S. 52, 59 (1985).

[28] *Smith v Robbins*, 528 U.S. 259, 286 n. 14 (2000).

the ground of lack of sufficient prejudice … that course should be followed.' "[29]  McDonald cannot meet either prong of *Strickland*.

McDonald claims that his counsel performed deficiently by failing to tell him that he could receive a substantially enhanced sentence due to his prior offenses resulting in his characterization as a career offender.  His allegations are insufficient to prove his counsel's performance was constitutionally deficient.  "A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[30]  Accordingly, his allegations that his counsel was ineffective in failing to investigate his potential exposure to career offender status, and advise him of the same, fail to allege any conduct which legally qualifies as deficient or falling below an objective standard of reasonableness.

Second, McDonald has not shown that he suffered any prejudice.  The plea colloquy sufficiently informed McDonald of the potential sentence that he could face, and after being so informed, he pleaded guilty.  First, the Court informed him that, as to each charge he was facing, he could be exposed to a penalty of up to but not more than 25 years imprisonment.[31]  The Court discussed the sentencing guidelines with him, and how a recommended range of sentence would be calculated.[32]  The Court further cautioned him:

> The Court:  All right,  Paragraph six [of the plea agreement] says that no matter what the guideline calculation is, and no matter what you or the Government asks me to do in terms of a sentence, at the end what sentence you get is entirely up to

---

[29] *Id.* (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[30] *United State v Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (citing *United States v Estrada*, 849 F.2d 1304, 1307 (10th Cir. 1988); *Wellnitz v Page*, 420 F.2d 935, 936 (10th Cir. 1970)).

[31] Change of Plea Hr'g Tr., Doc, 69, p. 7.

[32] *Id.* at 16-17.

me. And no one can promise you what that sentence will be. Do you understand that?
The Defendant: Yes, sir.
The Court: And paragraph seven says if you don't like the sentence you get, you can't withdraw your plea and reclaim the right to a trial, in fact for any reason, whether it's not liking the sentence or otherwise. Once I've accepted your plea, you can't change your mind later and reclaim the right for a trial. Do you understand that?
The Defendant: Yes, sir.[33]

In all of these exchanges, McDonald demonstrated, under oath, that he knew he could be sentenced to as much as 25 years on each of the two counts, that no one could promise him what his sentence would be, and that not liking the sentence he ultimately received was not grounds for relief from his plea agreement. Therefore, McDonald has not met his burden for either prong of *Strickland* and is thus not entitled to relief for ineffective assistance of counsel under 28 U.S.C. § 2255.

Although not necessary for this determination, the Court further notes that at his change of plea hearing McDonald expressed satisfaction with the way his attorney was representing him,[34] and affirmed under oath several times to the Court that he was in fact guilty of the crimes with which he was charged.[35] At no point in his lengthy application for relief under section 2255, does McDonald make any proffer of a reasonable probability that he was not guilty of the crimes to which he pleaded, or that there was a reasonable probability that had he gone to trial he

---

[33] *Id.* at 19-20.

[34] *Id*, at 4.

[35] *Id.* at 11 ("The Court: . . . paragraph one also says that by entering into this plea agreement you admit to knowingly committing this offense, or these offenses, and to being guilty of them. Is that a true statement to sir? The Defendant: Yes, sir."); 12-16 (agrees that lengthy factual statement regarding the elements of the offenses charged in both counts are true and correct, and admits to all of them); 21 ("The Court: And paragraph 13 . . . says that you acknowledge that you're entering into this agreement and you're pleading guilty because you are guilty, and that you're doing that freely and voluntarily. Is that a correct statement, Mr. McDonald? The Defendant: Yes, sir."); 23 ("The Court: You understand, Mr. McDonald, that if you sign this petition and present it to me, it means that you're admitting, under oath, that you committed the crime that you're pleading to and that you're in fact, guilty of it; you understand that? The Defendant: Yes, sir." . . . The Court: Are you signing this petition and presenting it to the Court because you are, in fact, guilty of the charges against you? The Defendant: Yes, sir.").

would have been acquitted of them.  This is significant, because the second prong of *Strickland* requires a showing of a reasonable probability that the result would be different.  Had McDonald not pleaded, but gone to trial and been convicted, then he would have faced the career offender enhancement in any event.  He has not made a showing of reasonable probability he would have been acquitted at trial, nor attempted to do so.  The Court must conclude that the reasonable probability is that, had he not plead but gone to trial, the result would not have been different.

The Court's conclusion that McDonald has failed to meet his burden of showing under either prong of *Strickland* that he is entitled to relief for ineffective assistance of counsel directly resolves his first two stated grounds for relief.  His third stated ground for relief substantively challenges the career offender determination itself.  That matter was addressed at his sentencing hearing (where his attorney vigorously advocated against such a determination), and was the subject of his appeal to the Tenth Circuit.  The Tenth Circuit denied him relief upon its determination that he had waived his right to appeal his sentence in the plea agreement, and its determination that the plea waiver should be enforced as to this claim for relief.  Defendant can only avoid that waiver if he could show that the plea waiver was agreed to as a result of his ineffective assistance of counsel claims.  Because the Court has found that his assistance of counsel was not ineffective, the Court finds that his third ground for relief is also unavailing.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[36]  A petitioner satisfies this burden if "reasonable jurists would find the

---

[36] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

district court's assessment of the constitutional claims debatable or wrong."[37] When the adverse finding is based on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[38] While Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."[39] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[40]

For the reasons explained above, McDonald has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS ACCORDINGLY ORDERED** this 25th day of July, 2013, that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Doc. 74) is **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[37] *Saiz v Ortiz*, 393 F.3d 1166, 1171 n. 3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).

[38] *Yang v Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Slack v McDaniel*, 529 U.S. 473, 484 (2000)).

[39] *Miller—El v. Cockrell*, 537 U.S. 322, 338 (2003).

[40] *Id*. at 336.