# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

DERRICK D. McDONALD,

    *Defendant.*

Case No. 6:11-CR-10158-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Derrick D. McDonald's ("Petitioner") Motion for Reconsideration (Doc. 76). Citing to FED. R. CIV. P. 59(e), Petitioner asks this Court to reconsider its Memorandum Order and Opinion, issued July 25, 2013, denying his motion to vacate pursuant to 28 U.S.C. § 2255. Because review of Petitioner's motion and the accompanying court record conclusively shows that he is not entitled to relief, this Court denies the motion without a hearing.

### I. Factual and Procedural Background

On August 17, 2011, Petitioner was charged, along with a co-defendant, with one count of bank robbery. On October 13, 2011, the grand jury returned a three-count superseding indictment charging Petitioner with a second count of bank robbery and one count of possession of a firearm in connection with a crime of violence. On March 22, 2012, Petitioner entered pleas

of guilty to both counts of bank robbery in connection with a plea agreement in which Petitioner knowingly and voluntarily waived any right to appeal or collaterally attack any matter related to his prosecution, conviction or sentence.[1] A Presentence Investigation Report ("PSR") determined that Petitioner was a career offender and assigned him a criminal history category of VI.[2] Based on an offense level of thirty-one (31), Petitioner's sentencing guideline range was 188 to 235 months' imprisonment.[3] On July 2, 2012, this Court sentenced Petitioner to a mid-guideline sentence of 204 months.

Petitioner timely docketed an appeal to the Tenth Circuit challenging his career offender characterization. He argued for relief from the appeal waiver, alleging that ineffective assistance of counsel in negotiating the appeal waiver might have resulted in a miscarriage of justice. In response, the government filed a motion to enforce the plea agreement. The Tenth Circuit noted that Petitioner's claim could be raised only in a collateral proceeding under 28 U.S.C. § 2255. As such, after noting that the requirements for enforcing the plea waiver had been satisfied, the Appellate Court granted the government's motion to enforce the plea agreement. On September 25, 2012, the Tenth Circuit dismissed Petitioner's appeal.

On May 31, 2013, Petitioner filed, *pro se*, a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging: (1) ineffective assistance of counsel during plea negotiations, (2) that the plea and appeal waiver were the fruits of ineffective representation,

---

[1] This waiver of appeal was limited by the decision reached in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), which held that that a defendant may waive his right to bring a collateral attack on his sentence or conviction if done knowingly and voluntarily, but claims of ineffective assistance survive the waiver.

[2] Petitioner's criminal history category was determined to be a VI *without* regard to his career offender status. Therefore, any adjustment to that category that would have otherwise occurred did not affect his guideline sentence.

[3] By timely preserving an objection to this recommendation, Petitioner subsequently submitted a sentencing memorandum requesting a variance, arguing that his criminal history was over-stated.

allegedly the result of fraud and misrepresentation, and (3) that he was improperly sentenced under the career offender guideline. On July 25, 2013, this Court denied Petitioner's § 2255 motion without a hearing and declined to issue a Certificate of Appealability.

On March 20, 2014, Petitioner filed a Motion for Reconsideration pursuant to Rule 59(e), which is now before this Court. In this Motion, Petitioner argues that this Court erred by: (1) not granting him an evidentiary hearing on his § 2255 motion, and (2) failing to find Petitioner's counsel ineffective. More specifically, with regard to his first assignment of error, Petitioner claims that he was prepared to "show through testimony that the attorney never fully pre-pared [sic] to enter into negotiations with the government nor was he compentent[sic] to advise him to plead guilty because he himself was not fully aware of what the sentence range was."[4] With regard to his second assignment of error, Petitioner claims that this Court applied the wrong legal standard to his ineffective assistance of counsel claim, allegedly finding any error to simply be harmless. Petitioner further argues that "[t]he court seems to be saying that before McDonald can be afforded a compentent[sic] attorney at the critical stag[sic] of the decision to plead guilty or go to trial he must demonstrate he would prevail at trial."[5]

## II. Analysis

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to FED. R. CIV. P. 59(e) or 60."[6] A motion to reconsider filed within twenty-eight (28) days after the entry of judgment is considered a Rule 59(e)

---

[4] Doc. 76, at 2.

[5] Doc. 76, at 4.

[6] D. Kan. Rule 7.3(a).

motion.[7] If the motion is filed after that time, it falls under Rule 60(b).[8] Here, Petitioner's current motion was not filed until March 20, 2014, nearly eight months after this Court's judgment on Petitioner's § 2255 motion. As such, the Court construes Petitioner's Motion for Reconsideration as a motion under Rule 60(b).[9]

Relief under Rule 60(b) is discretionary and only warranted if a petitioner can satisfy one or more of the Rule's grounds for relief from judgment, which include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) satisfaction, release, or discharge of the judgment; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (5) any other reason that justifies relief. A petitioner may not use a motion under Rule 60(b) to revisit the same issues already addressed and dismissed by the court.[10] "Nor may a petitioner use the motion to advance new arguments or supporting facts that were available when the petitioner briefed the original motion."[11]

---

[7] *See United States v. Williams*, 2012 U.S. Dist. LEXIS 34726, at *1-2 (D. Kan. Mar. 15, 2012), *aff'd*, 2012 U.S. App. LEXIS 21019 (10th Cir. 2012). *See also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1999).

[8] *Williams*, 2012 U.S. Dist. LEXIS 34726, at *2.

[9] *Id*. *See also Van Skiver*, 952 F.2d at 1243.

[10] *Williams*, 2012 U.S. Dist. LEXIS 34726, at *3 (citing *Van Skiver*, 952 F.2d at 1243).

[11] *Id*.

### 1. Failure to Grant Request for an Evidentiary Hearing

Petitioner first urges this Court to hold an evidentiary hearing on his claims because he was prepared to show, through testimony, that: (1) his attorney was not prepared to enter into plea negotiations because counsel was not fully aware of the possible sentence range, (2) his attorney advised him that he would not get a fair trial because he would face an all-white jury, and (3) his plea and waiver of appeal were obtained through fraud.

This Court has carefully reviewed its prior order denying Petitioner's claims and his request for an evidentiary hearing and finds no basis for reconsidering that order. Section 2255 requires the Court to grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." As this Court explained in its previous order, the record conclusively establishes that Petitioner is not entitled to relief on his claims. Petitioner presented no controverted facts. Nor were there any factual issues that suggested that Petitioner would be entitled to relief if those facts were to be resolved in Petitioner's favor. As such, Petitioner's request for an evidentiary hearing is denied.

### 2. Failure to Grant § 2255 Motion for Ineffective Assistance of Counsel

In his second assignment of error, Petitioner repeats the arguments and allegations made in his § 2255 motion, claiming that his counsel failed to properly investigate his potential exposure to such a lengthy sentence prior to his plea and that his counsel told him he should plead guilty because he "didn't have a chance" since he would face an all-white jury.[12] Because

---

[12] Doc. 76, at 5.

these arguments simply rehash Petitioner's previous § 2255 claims, they are insufficient to warrant relief from judgment under Rule 60(b).[13]  As such, they are dismissed.

Petitioner also alleges that this Court applied the wrong legal standard in dismissing his ineffective assistance of counsel claim.  This argument is Petitioner's mere speculation and *own* incorrect interpretation of this Court's previous decision.  The claim fails to even remotely rise to one of the necessary levels of relief articulated in Rule 60(b).  Therefore, Petitioner's second assignment of error is dismissed.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (Doc. 76) is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 23rd day of April, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] *See Williams*, 2012 U.S. Dist. LEXIS 34726, at *3 (citing *Van Skiver*, 952 F.2d at 1243).