## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DERRICK D. MCDONALD,

*Plaintiff,*

vs.

Case No. 11-10158-EFM

UNITED STATES OF AMERICA,

*Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Petitioner Derrick McDonald's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 136).  Petitioner alleges that an intervening change in Kansas state law voids the predicate offenses the Court used in calculating his guideline range during sentencing.  For the following reasons, the Court denies Petitioner's § 2255 motion without an evidentiary hearing.

### I.      Factual and Procedural Background

On October 13, 2011, a grand jury issued a superseding indictment charging Petitioner with two counts of bank robbery and one count of carrying a firearm during and in relation to a crime of violence.  On March 22, 2012, Petitioner entered a guilty plea to the two counts of bank robbery.

A presentence investigation report determined that Petitioner was a career offender pursuant to United States Sentencing Guidelines § 4B1.1(b).   The report classified two of Petitioner's prior convictions as crimes of violence: criminal threat and eluding police.  As a result, the Court adjusted Petitioner's offense conduct from level 25 to level 31 (following reductions for acceptance of responsibility).  The Court determined that Petitioner's criminal history already qualified as category VI regardless of his status as a career offender, so any adjustment to his criminal history category would not affect his guideline sentence.  Based on an offense level 31, criminal history category VI, Petitioner's sentencing guideline range was 188 to 235 months.  Through counsel, Petitioner objected to this characterization and filed a sentencing memorandum arguing against it.[1]  On July 2, 2012, the Court sentenced Petitioner to a controlling term of 204 months imprisonment.

Petitioner filed his first § 2255 motion on May 31, 2013, which the Court subsequently denied.  On April 23, 2014, the Court rejected Petitioner's motion for reconsideration.  On November 3, 2014, the Tenth Circuit denied Petitioner a certificate of appealability and dismissed his case.[2]

On May 24, 2016, the Tenth Circuit authorized Petitioner to file a second § 2255 motion challenging his sentence based on the Supreme Court's decision in *Johnson v. United States*,[3] which Petitioner did on May 31.  In it, he argued that he no longer qualified as a career offender

---

[1] Counsel noted no objections to the presentence report, and merely reserved his right to file a sentencing memorandum requesting a variance, but the arguments for variance in his sentencing memorandum (Doc. 58) objected to the career offender determination, and also argued that his criminal history was over-represented.

[2] *United States v. McDonald*, 591 Fed. App'x 644 (10th Cir. 2014).

[3] 135 S.Ct. 2551 (2015).

under U.S.S.G. § 4B1.2 given that his state convictions for criminal threat and eluding police no longer serve as predicate crimes of violence.  On July 10, 2017, this Court dismissed Petitioner's appeal pursuant to the Supreme Court's decision in *Beckles v. United States*,[4] noting that *Johnson* does not provide a retroactive gateway for Petitioner to challenge his sentence.

On January 17, 2020, Petitioner filed the instant "Motion to Amend the Original 2255 Motion" which is docketed as a third § 2255 motion.  Petitioner now makes the following arguments: (1) his prior conviction for criminal threat no longer qualifies as a crime of violence given a recent decision of the Kansas Supreme Court; and, (2) ~~that~~ his plea and conviction are the product of his counsel's misrepresentation and fraud.

## II.    Legal Standard

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[4] 137 S. Ct. 886, 892 (2017) (holding that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause, [and] [t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.").

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[5]  The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[6]  An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[7]

Finally, Petitioner appears *pro se*.   Therefore, his pleadings are to be construed liberally and not held to the standard applied to an attorney's pleadings.[8]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[9]  It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[10] For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[11]

---

[5] 28 U.S.C. § 2255(b).

[6] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[7] *See id*. at 1472 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[8] *Hall v Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id.*

[10] *Id.*

[11] *See Whitney v State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III.   Analysis

**A.**    **Section 2255 Motion**

Petitioner is, for a third time, seeking relief under § 2255.  Although Petitioner entitled his petition as a "Motion to Amend the Original 2255 Motion," it is the relief sought not the pleading's title that determines whether it is a § 2255 Motion.[12]  It appears that Petitioner is challenging the legality of his sentence under the Fifth Amendment Due Process Clause and therefore the Court will construe Petitioner's Motion as a § 2255 motion.   To bring a successive § 2255 petition, Petitioner must first seek authorization from the Tenth Circuit Court of Appeals.[13]   Because Petitioner has not received such authorization, this Court lacks jurisdiction to consider Petitioner's Motion.[14]

However, when a prisoner bringing a § 2255 motion fails to obtain the proper authorization, the Court may—as an alternative to dismissing for lack of jurisdiction—transfer the motion to the Tenth Circuit.[15]   A transfer to the Tenth Circuit is appropriate if the Court "determines it is in the interest of justice to do so under [28 U.S.C.] § 1631."[16]  A transfer is not in

---

[12] *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); *see also United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference.  It is substance that controls.").

[13] 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

[14] *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (holding that district court has no jurisdiction to decide unauthorized second or successive § 2255 claims).

[15] *Id.* at 1252.

[16] *Id.*

the interest of justice where "there is no risk that a meritorious successive claim will be lost" absent the transfer.[17]  Before the Tenth Circuit will authorize a second or successive § 2255 claim, a panel of the Circuit must determine that the motion contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[18]  Petitioner identifies neither in this case.

The Court concludes that Petitioner's motion is wholly without merit.  Petitioner argues that the Court should grant his motion for two reasons.  First, he argues that a recent Kansas Supreme Court decision provides him new grounds for relief.  Second, he reiterates his ineffective assistance of counsel argument from his original § 2255 motion.

Petitioner first argues that this Court "lacks subject matter jurisdiction" in light of the Kansas Supreme Court's decision in *State v. Boettger*.[19]   Petitioner argues that *Boettger* "voids" his prior state-law convictions and that the Court therefore erred in factoring in those convictions into its classification of Petitioner as a career offender under U.S.S.G. § 4B1.2.  In that case, the court held that a state statute criminalizing violent threats communicated with a "reckless" mens rea violated the First Amendment right of free speech.[20]  Contrary to Petitioner's interpretation, *Boettger* in no way affects his predicate offenses.

The Court considered two of Petitioner's predicate offenses crimes of violence during sentencing.  First, he was convicted of criminal threat under Kansas state law.  Petitioner could

---

[17] *United States v. Romero*, 676 F. App'x 795, 797 (10th Cir. 2017) (citing *Cline*, 531 F.3d at 1251).

[18] § 2255(h)(1)–(2).

[19] 450 P.3d 805 (Kan. 2019), *cert. denied*, 140 S. Ct. 1956 (2020).

[20] *Id.* at  819.

Case 6:11-cr-10158-EFM   Document 143   Filed 07/22/20   Page 7 of 10


challenge the Court's use of this predicate offense in calculating his guideline range if he could show that it fit within the Supreme Court's retroactive holding in *Johnson*. However, he fails to do so. *Johnson* addressed only 18 U.S.C. § 924(e)(2)(B)(ii)'s "residual clause." In *Beckles*, the Supreme Court held that *Johnson* does not apply to the sentencing guidelines. As the Court stated in its order disposing of the second § 2255 motion, Petitioner's claim fails because *Beckles* prohibits him from using *Johnson* to retroactively attack his sentence on that ground.[21]  However, Petitioner's argument here would fail regardless of *Beckles* because his predicate offense fits within § 4B1.2(a)(1), not the residual clause in § 4B1.2(a)(2).[22]  Section 4B1.2(a)(1) reads: "(a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."[23]  Petitioner's conviction for criminal threat would fit within that subsection, not within the allegedly vague residual clause. In either case, Petitioner's argument concerning his first crime of violence predicate offense is without merit.

The second predicate offense that the Court considered a crime of violence was Petitioner's conviction for eluding police. The Kansas Supreme Court's decision in *Boettger* did not address this crime and is therefore irrelevant to Petitioner's present motion. As such, the Court's prior order dismissing Petitioner's second § 2255 stands and he cannot challenge his sentence by

---

[21] *Beckles,* 137 S. Ct. at 895.

[22] The residual clause in § 4B1.2(a)(2) is nearly identical to the residual clause in § 924(e)(2)(B)(ii), which is why—prior to *Beckles*—some courts applied *Johnson* to the sentencing guidelines.

[23] U.S.S.G. 4B1.2(a)(i).

retroactively applying *Johnson*.  Therefore, the Court concludes that both prongs of Petitioner's first argument are without merit because *Boettger* does not affect his case.

Petitioner's second argument is also without merit.  He simply restates his ineffective assistance of counsel argument from his original § 2255 motion.  In its order disposing of that motion, the Court concluded that Petitioner failed to meet his burden of showing that he is entitled to relief for ineffective assistance of counsel.  Construing Petitioner's present motion broadly, nothing in *Boettger* affects or revives this argument.  He once again fails to allege any conduct on the part of his counsel that legally qualifies as deficient or otherwise falls below an objective standard of reasonableness.  As such, the Court reaffirms its prior holding that Petitioner has failed to meet his burden on this point.

The Court concludes that both of Petitioner's arguments are wholly without merit.  As such, it is not within the interests of justice for the Court to transfer the motion to the Tenth Circuit.  Since the Court otherwise lacks jurisdiction to consider Petitioner's motion, it is dismissed.

**B.**     **Motion to Appoint Counsel**

In his reply, Petitioner also asks the Court to appoint counsel to represent him.  Prisoners do not have "a constitutional right to counsel when mounting collateral attacks upon their convictions."[24]  It is within the district court's discretion to appoint counsel in a habeas case if the "interests of justice so require."[25]  When determining whether to appoint counsel, some of the factors to consider include: "[(1)] the merits of the litigant's claims, [(2)] the nature of the factual issues raised in the claims, [(3)] the litigant's ability to present his claims, and [(4)] the complexity

---

[24] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[25] 18 U.S.C. § 3006A(a)(2).

of the legal issues raised by the claims."[26]   If an evidentiary hearing is required, the Court must appoint counsel.[27]

Here, as noted above, Petitioner's claims are not meritorious, and there are no factual issues.  The legal issues are not complex, and Petitioner ably presented his arguments to the Court.  No evidentiary hearing is required.  Therefore, the Court denies Petitioner's Motion to Appoint Counsel.

## C.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[28]   A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[29]   For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 136) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel is **DENIED.**

---

[26] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[27] Rule 8(c) of the Rules Governing Section 2255 Proceedings.

[28] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  *See* 28 U.S.C. § 2253(c)(1).

[29] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).

**IT IS FURTHER ORDERED** that a Certificate of Appealability Under Rule 11 is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE