# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       *Plaintiff,*

vs.                                                                  Case No. 11-10158-01-EFM

DERRICK D. MCDONALD,

       *Defendant.*

---

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Derrick D. McDonald's Motion for Compassionate Release (Doc. 144).  He seeks early release from prison due to the COVID-19 pandemic.  The government opposes Defendant's motion.  For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.        Factual and Procedural Background

On March 22, 2012, Defendant pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  On July 2, 2012, Defendant was sentenced to 204 months' imprisonment. Defendant has filed multiple § 2255 motions, and the Court has denied them all.

Defendant is 48 years old, and he is currently incarcerated at Lee USP.  There have been 535 positive cases in the facility in which Defendant is housed, and no inmates have died.[1] Currently, there are two active inmate cases, 14 active staff cases, and seven pending inmate tests. Defendant's projected release date is April 18, 2026.

On January 15, 2021, Defendant filed a motion seeking early release from prison due to the COVID-19 pandemic.  Defendant did not set forth any medical conditions in his initial motion, but in his reply, he states that he has several underlying medical conditions.  In addition, he states that he recently contracted COVID-19.[2]

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4] The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited March 8, 2021).

[2] District of Kansas Standing Orders 19-1 and 20-8 appoint the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act and brought on grounds related to the COVID-19 pandemic.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp.

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6]   Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

### III.    Analysis

Defendant seeks early release based on the spread of COVID-19 in prison.   The government asserts that Defendant is not an appropriate candidate for early release.

### A.    Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).   He requested compassionate release from the Warden on December 11, 2020, and he was denied release on December 28, 2020.   As of the date this motion was filed, more than 30 days have passed since Defendant's request.   The government also concedes that Defendant meets the exhaustion

---

3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

requirement.  Thus, because more than 30 days have passed since Defendant's request, the Court will proceed and determine the merits of Defendant's motion.

**B.**     **Extraordinary and Compelling Reasons**

Defendant next asserts that his medical conditions of lung damage and a possible immune deficiency,[8] coupled with the outbreak of COVID-19 in prison, constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).  He also states that he recently contracted COVID-19 and should he contract one of the newer strains, he may be at an even greater risk of complications.

Although the Court is sympathetic to Defendant's concerns, Defendant's health conditions do not demonstrate a high risk.  Furthermore, Defendant states that he was already diagnosed with COVID-19.  It does not appear that he had medical complications from already having COVID-19, thus diminishing his concern that he will or would develop severe complications.  The Court recognizes the concerns and risks of COVID-19, but the presence of it in his facility does not justify a compassionate release, particularly when Defendant already had COVID-19 without any evidence of severe health complications.  Accordingly, Defendant does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

**C**.     **Section 3553(a) Factors**

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[9]  Some of these factors include the nature and circumstances

---

[8] Defendant states that he has lung damage due to a near-drowning accident for which he spent several months in the hospital when he was approximately eight years old.  In addition, he states that smoking two to three packs of cigarettes daily for 11 to 12 years makes him more susceptible to respiratory issues.

[9] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[10]

Defendant pleaded guilty to the serious offenses of bank robbery, occurring on June 27, 2011, and July 21, 2011.  In the June 27 offense, Defendant carried a firearm.  The sentencing guideline range was 188 to 235 months based on Defendant's career offender status, and the Court sentenced Defendant to 204 months.

The Court finds that the 204-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 144) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 15th day of March, 2021.

_Eric F. Melgren_
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10] 18 U.S.C. § 3553(a).